IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| MAHER ABDELJAWAD, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> GALARDI GROUP, INC., a California corporation, <br><br> *Defendant.* | Case No.: 2:15-cv-02265 |

**PLAINTIFF'S MOTION FOR AND MEMORANDUM
IN SUPPORT OF CLASS CERTIFICATION**

Plaintiff Maher Abdeljawad, by and through his undersigned counsel, hereby respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23, but requests that the Court enter and continue the motion until after the completion of discovery on class-wide issues, at which time Plaintiff will submit a more detailed memorandum of points and authorities in support of class certification.[1]

**I.    INTRODUCTION.**

This matter readily satisfies the prerequisites to class certification. Through a common course of conduct, Defendant Galardi Group, Inc.—a self-proclaimed pioneer of the "limited-service" food industry—promised Plaintiff and a putative Class of consumers that its "100% all-beef" chili hot dogs were, in fact, all beef. Unfortunately for consumers, the chili that Galardi uses for these supposedly all-beef chili hot dogs does not actually contain beef and, instead, is

---

[1]    Plaintiff files this motion at the outset of litigation to prevent Defendant Galardi Group, Inc. from attempting a so-called "buy off" to moot his representative claims (*i.e.*, tendering to him the full amount of his individual damages alleged in his Class Action Complaint and Demand for Jury Trial, Dkt. 1 ["Compl."]).

comprised primarily of pork.

Plaintiff Abdeljawad is one such consumer who was misled into purchasing these hot dogs. Had Galardi informed its customers that its all-beef chili dogs were not actually all beef, customers (like Plaintiff Abdeljawad) would not have been willing to purchase them. In response to Galardi's conduct, Abdeljawad brought the instant lawsuit and now respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23. As established below, Abdeljawad's claims are readily certifiable because thousands of consumers, like himself, were subjected to Galardi's uniform misrepresentations that its all-beef chili hot dogs were actually all beef. As a result, every member of the putative Class and Subclass purchased a supposedly all-beef food product that wasn't actually all beef and suffered injury in a nearly identical manner (*i.e.*, damages in the form of the purchase price of the food products).

For these reasons and as discussed further herein, the proposed Class and Subclass easily satisfy the prerequisites to certification, and the instant motion should be granted in its entirety. Notwithstanding, Plaintiff respectfully requests that the Court: (1) enter and reserve ruling on his Motion for and Memorandum in Support of Class Certification; (2) allow for and schedule discovery to take place on class-wide issues; (3) grant him leave to file a supplemental memorandum in support of his Motion for Class Certification upon the conclusion of class-wide discovery; (4) grant his Motion for Class Certification after full briefing of the issues presented herein; and (5) provide all other and further relief that the Court deems reasonable and just.

**II.     THE PROPOSED CLASS.**

Plaintiff seeks to certify this case as a class action on behalf of a proposed class and

subclass of consumers, defined as follows:[2]

> **Class**: All persons in the United States who have purchased "all-beef" chili hot dogs or "all-beef" chili cheese hot dogs from Wienerschnitzel.
>
> **Illinois Subclass**: All members of the Class who reside in the State of Illinois.

(Compl. ¶ 25.) As demonstrated below, the proposed Class meets each of the prerequisites for certification under Rule 23 and, therefore, the instant motion should be granted in its entirety.

## III. THE PROPOSED CLASS SATISFIES EACH OF THE PREREQUISITES FOR CERTIFICATION.

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections of Rule 23(b) has been satisfied. Fed. R. Civ. P. 23. Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

In this case, Plaintiff seeks certification of the proposed Class and Subclass under both Rule 23(b)(2) and 23(b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to

---

[2] The following people are excluded from the Class and Illinois Subclass (collectively referred to as the "Class," unless otherwise indicated):
(1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2). Similarly, in order to certify a class under Rule 23(b)(3), there must be questions of law or fact common to the proposed class members, which predominate over any questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). As such, "for purposes of considering a motion for class certification, the substantive allegations of the complaint are generally assumed to be true and it is also assumed that cognizable claims are stated." *Anderson v. Cornejo*, 199 F.R.D. 228, 237 (N.D. Ill. 2000). In determining whether a class should be certified, Rule 23 should be "liberally interpreted," and its policy "is to favor maintenance of class actions." *Miller v. Spring Valley Properties*, 202 F.R.D. 244, 247 (C.D. Ill. 2001) (citing *King v. Kansas City S. Indus., Inc.*, 519 F.2d 20, 25–26 (7th Cir.1975)).

As explained further below, the proposed Class in this case meet all of the prerequisites of Rules 23(a), (b)(2), and (b)(3), and therefore can be properly certified.

    A.    **The Numerosity Prerequisite is Satisfied.**

Rule 23(a)'s first prerequisite—numerosity—is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). There is no specific number required to satisfy numerosity, nor are plaintiffs required to state the exact number of potential class members. *Miller*, 202 F.R.D. at 247 (citation omitted). Generally, the court is entitled to make common-sense assumptions that support a finding of numerosity. *Id.*; *see also* 3 Alba Conte & Herbert B. Newberg, Newberg on Class Actions ¶ 7.20, 66 (4th ed. 2001).

Here, Plaintiff alleges—and discovery will show—that Defendant induced thousands of consumers into purchasing "all-beef" chili hot dogs that were not actually all beef. (Compl. ¶¶ 4, 14–17, 20, 26); *see Fonder v. Sheriff of Kankakee County*, No. 12-cv-2115, 2013 WL 5644754, at *6 (C.D. Ill. Oct. 15, 2013) (class consisting of more than 40 members satisfied numerosity); Alba Conte & Herbert Newberg, Newberg on Class Actions § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). Accordingly, the proposed Class satisfies the numerosity requirement.[3]

### B.   The Commonality Prerequisite is Satisfied.

Next, Rule 23(a) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet this commonality requirement, the representative plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Commonality is present where a "common nucleus of operative fact" exists, even if as to one question of law or fact, *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), and is often found where "defendants have engaged in standardized conduct toward members of the proposed class . . . ." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citations omitted). Ultimately, commonality is a relatively low and easily

---

[3]   To the extent the Court requires additional details regarding the number of members in the Class, such information may be readily obtained through discovery and Defendant's records.

surmountable hurdle. *Scholes v. Stone, McGure, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

In this case, Plaintiff's and the Class's claims are based upon the same common contention: that Defendant uniformly misrepresented that its "100% all-beef" chili hot dogs were all beef, when, in fact, they were not. (Compl. ¶¶ 4, 14–17, 20, 27.) Defendant's conduct affected Plaintiff and the members of the Class in a virtually identical manner inasmuch as it caused them to purchase supposedly all-beef chili hot dogs that they otherwise wouldn't have purchased had they known they were not all beef. (*Id.*) Moreover, Defendant's unlawful conduct will be proven through the use of common and generalized evidence applicable to the Class as a whole.

Defendant's conduct gives rise to several common questions of both law and fact. The common questions for the Class include: (i) whether Galardi intentionally misrepresented and marketed its all-beef chili hot dogs as being "all beef"; (ii) whether Galardi's conduct described herein constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*; (iii) whether Galardi's conduct described herein constitutes a breach of express warranty; and (iv) whether Galardi's conduct described herein constitutes fraudulent inducement. (Compl. ¶ 27.) Accordingly, the commonality requirement is met.

### C.     Plaintiff's Claims are Typical of the Class's Claims.

Typicality, the next prerequisite under Rule 23, requires that Plaintiff's claims be typical of those of the other members of the Class. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if a plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted). Even the existence of factual differences

will not preclude a finding of typicality, as the claims of a named plaintiff need only share "the same essential characteristics" as those of the class. *Id.* Indeed, "[s]imilarity of legal theory is more important than factual similarity. . . ." *Id.*

In this case, Plaintiff and the proposed members of the Class were each subjected to Defendant's common course of conduct. That is, Plaintiff and the members of the Class were each induced into purchasing hot dogs that Defendant misrepresented as being all beef. (Compl. ¶¶ 4, 14–17, 20, 28.) As a result of Defendant's conduct, Plaintiff and the other members of the Class suffered the same injuries (in the form of the price paid for Defendant's supposedly all-beef chili hot dogs) and are entitled to an identical calculation of damages. Accordingly, Rule 23(a)(3)'s typicality prerequisite is easily satisfied.

> **D.     The Adequacy of Representation Prerequisite is Satisfied.**

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires that "the named plaintiffs must adequately represent the absent class members' interests and the proposed class counsel must be adequate." *Niemeyer v. Williams*, 910 F. Supp. 2d 1116, 1132 (C.D. Ill. 2012) (citing *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011)).

In this case, Plaintiff has the same interests as the members of the proposed Class: they each purchased a chili hot dog from Defendant that it misrepresented was all beef. (Compl. ¶¶ 4, 14–17, 20.) Thus, Plaintiff suffered the same injury, has the same claims available to him, and has no interests antagonistic to those of the Class. (*Id.* ¶ 29.) He will fairly and adequately protect the interests of the Class, and his pursuit of the instant action demonstrates as much. (*Id.*)

Similarly, proposed class counsel are well-respected members of the legal community

who have extensive experience in class actions of similar size, scope, and complexity to the instant action. (*See* Firm Resume of Edelson PC, a true and accurate copy is attached as Exhibit 1.) Proposed class counsel have already diligently investigated and dedicated substantial resources to the investigation of the claims at issue in this action, and they will continue to do so throughout its pendency.

As such, Plaintiff and his counsel have and will continue to adequately represent the Class, and Rule 23's adequacy prerequisite is met as well.

### E.     The Proposed Class Satisfies Rule 23(b)(2).

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be satisfied as well. Here, Plaintiff seeks certification of the proposed Class under Rules 23(b)(2) and (b)(3).

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate. . . ." *Chicago Teachers Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 441 (7th Cir. 2015) (quoting Fed. R. Civ. P. 23(b)(2)). The requirement that the defendant act on grounds generally applicable to the 23(b)(2) class, like the whole of Rule 23, is to be "liberally construed so as to favor the maintenance of class actions where appropriate." *See Brown v. Yellow Transp., Inc.*, No. 08 C 5908, 2011 WL 1838741, at *2 (N.D. Ill. May 11, 2011); *see also King v. Kansas City S. Indus.*, 519 F.2d 20, 26 (7th Cir. 1975)). Where a court finds that Rule 23(a)'s commonality requirement is met, the court should typically also find that the plaintiff has shown that the defendant acted on grounds generally applicable to the class as a whole. *See Lemon v. Intl. Union of Operating Eng'rs, Loc. No. 139, AFL-CIO*, 216 F.3d 577, 580 (7th Cir. 2000); *Yellow Transp.*, 2011 WL 183871, at *7.

There should be no question that Defendant acted on grounds generally applicable to the Class as a whole. Indeed, as described in more detail above, Defendant—through its marketing materials—misrepresented to Plaintiff and the Class that its all-beef chili hot dogs were actually "all beef." (Compl. ¶¶ 2–3, 13, 19, 30.) In the end, Defendant's conduct did not vary significantly from Class member to Class member and therefore, final injunctive relief would (and is necessary to) protect Plaintiff and the other members of the Class from such conduct in the future. As such, the prerequisites of Rule 23(b)(2) are met as well.

### F.    The Proposed Class Also Satisfies Rule 23(b)(3).

Plaintiff also seeks certification of the Class under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). As discussed below, this case meets these requirements.

### i.    Common Questions of Law and Fact Predominate.

Rule 23(b)(3)'s predominance requirement looks to whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Fonder v. Sheriff of Kankakee County*, No. 12-CV-2115, 2013 WL 5644754, at *7 (C.D. Ill. Oct. 15, 2013) (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)). This inquiry requires courts to identify "the substantive issues that will control the outcome, assess[] which issues will predominate, and then determin[e] whether the issues are common to the class." *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006) (citations and internal quotations omitted).

Here, the common questions set forth above are at the heart of this litigation. The claims of Plaintiff and all other members of the Class arise from Defendant's uniform conduct of

9

misrepresenting the ingredients in its supposedly all beef chili hot dogs. (Compl. ¶¶ 2–3, 13, 19, 30.) The answers to these questions are necessarily subject to common proof, primarily from information to be found within Defendant's own records. *See Wal-Mart*, 131 S. Ct. at 2551 (2011) ("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation."); *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 329 (N.D. Ill. 2010) (holding that the court must determine "whether plaintiffs can, through individualized cases, offer proof on a class-wide basis."). That is, evidence of Defendant's marketing materials related to its chili hot dogs as well as the ingredients of those products themselves will come from within Defendant's own records. Thus, the only claims at issue in this case will not require individual proof.

For all of these reasons, Rule 23(b)(3)'s predominance requirement is satisfied.

   ii. <u>The Class Action Mechanism is Superior to Other Available Methods for the Litigation of this Matter</u>.

Finally, Rule 23(b)(3) requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3). The instant class action is superior to other available methods for adjudicating Plaintiff's and the Class's claims.

Absent class treatment in this case, each individual member of the Class would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Defendant. Moreover, there is no indication that members of the Class have a strong interest in individual litigation, let alone any incentive to pursue their

claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Furthermore, class certification will promote consistency of rulings and judgments, giving all parties the benefit of finality.

Accordingly, the superiority requirement is also satisfied.

IV. **CONCLUSION.**

For the reasons stated above, and which will be borne out by discovery, this case is appropriate for class certification. Accordingly, Plaintiff Maher Abdeljawad, individually and on behalf of the proposed Class, respectfully requests that the Court: (1) enter and reserve ruling on his Motion for Class Certification; (2) allow for and schedule discovery to take place on class-wide issues; (3) grant him leave to file an amended motion upon the conclusion of discovery relating to certification issues; (4) grant his Motion for Class Certification after full briefing; and (5) provide all other and further relief that the Court deems reasonable and just.[4]

                                                  Respectfully submitted,

                                                  **MAHER ABDELJAWAD**, individually and on behalf of all others similarly situated,

Dated: November 5, 2015          By: /s/ Benjamin H. Richman
                                                         One of Plaintiff's Attorneys

                                                  Benjamin H. Richman
                                                 brichman@edelson.com
                                                 James Dominick Larry*
                                                 nlarry@edelson.com
                                                 EDELSON PC
                                                 350 North LaSalle Street, Suite 1300
                                                 Chicago, Illinois 60654
                                                 Tel: 312.589.6370
                                                 Fax: 312.589.6378

                                                 *Admission to be sought.

---

[4] Plaintiff respectfully reserves the right to amend the definitions of the proposed Class and Illinois Subclass at the conclusion of class-wide discovery, subject to Court approval.

## **CERTIFICATE OF SERVICE**

      I, Benjamin H. Richman, hereby certify that on November 5, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the Court's CM/ECF electronic filing system, and will arrange for service of the same by process server at the address listed below:

Galardi Group, Inc.
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, California 90017

                                            /s/ Benjamin H. Richman