**E-FILED**
Tuesday, 15 December, 2015  07:50:29 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| MAHER ABDELJAWAD, individually and on behalf of others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>GALARDI GROUP, INC., a California corporation,<br><br>    *Defendant.* | Case No. 2:15-cv-02265-HAB<br><br><br>**ANSWER OF DEFENDANT GALARDI GROUP, INC. AND DEMAND FOR JURY TRIAL** |

Defendant Galardi Group, Inc. ("GALARDI"), by and through its counsel of record, hereby answers the Complaint of Plaintiff Maher Abdeljawad ("Plaintiff") as follows. GALARDI denies each and every allegation unless expressly admitted below.

**RESPONSE TO PLAINTIFF'S ALLEGATIONS**

**NATURE OF THE ACTION**

1.      GALARDI admits that it has made statements consistent with the quotations set forth in in Paragraph 1 of the Complaint.

2.      GALARDI admits that its success is attributable, in part, to chili dogs, including chili dogs made with 100% all-beef dogs, which it has advertised in marketing materials and at its brick-and-mortar locations.  GALARDI denies knowledge or information sufficient to know what Plaintiff means by "heavily" and "best-selling."  Plaintiff denies each and every other allegation in Paragraph 2.

3.      GALARDI admits that when it serves chili with its 100% beef hot dogs, the chili itself is not 100% beef.  GALARDI denies each and every other allegation in Paragraph 3.

4.      GALARDI denies the allegations of Paragraph 4.

5.      GALARDI admits that Plaintiff purports to bring suit on behalf of himself and all others similarly situated, and that he purports to seek the redress as identified in the Complaint. GALARDI denies that it engaged in unlawful conduct.

## PARTIES

6.      GALARDI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 6.

7.      GALARDI admits that it is a California corporation with its headquarters located at 7700 Irvine Center Drive, Suite 550, Irvine, California 92618.  GALARDI admits that it conducts business in certain regions of the United States, and that a subsidiary conducts business in this District, the State of Illinois, and certain regions of the United States.  GALARDI denies each and every other allegation in Paragraph 7.

## JURISDICTION AND VENUE

8.      GALARDI denies that it engaged in unlawful conduct, or that any unlawful conduct was directed at, and/or emanated from this District.  GALARDI further denies knowledge or information sufficient to form a belief as to whether Plaintiff made the alleged purchases in this District.

9.      GALARDI denies knowledge or information sufficient to form a belief as to allegations in Paragraph 9.

10.     GALARDI denies knowledge or information sufficient to form a belief as to Plaintiff's residence or whether a substantial part of the alleged events and omissions giving rise to the alleged claim occurred in this District.  GALARDI denies the remaining allegations in Paragraph 10.

## INTRADISTRICT ASSIGNMENT

11.    GALARDI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11.

## COMMON FACTUAL ALLEGATIONS

12.    GALARDI admits that it has made statements consistent with the quotations set forth in Paragraph 12.

13.    GALARDI denies knowledge or information sufficient to understand what specifically Plaintiff is referring to by "heavily" or "capitalizes on this success," or how that is shown by Figures 1-3.  GALARDI admits that it has promoted its 100% all-beef chili dogs on its website, and that the 100% all-beef chili dog has been promoted on menus at brick-and-mortar locations.  GALARDI denies the remaining allegations of Paragraph 13.

14.    GALARDI admits that it markets some of its chili hot dogs as containing all-beef dogs, and that it charges more for all-beef hot dogs.

15.    GALARDI admits that when it serves chili with its 100% beef hot dogs, the chili itself is not 100% beef.  GALARDI denies each and every other allegation in Paragraph 15.

16.    GALARDI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16.

## FACTS SPECIFIC TO PLAINTIFF ABDELJAWAD

17.    GALARDI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17.

18.    GALARADI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

19.     GALARDI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 19.

20.     GALARDI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 20.

21.     GALARDI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21.

22.     GALARDI denies knowledge or information sufficient to form a belief as to Plaintiff's intentions alleged in Paragraph 22.

23.     GALARDI denies each and every allegation in Paragraph 23.

## CLASS ALLEGATIONS

24.     GALARDI admits that Plaintiff purports to bring this action on behalf of himself and his proposed class and subclass as stated in Paragraph 24.  GALARDI denies any remaining allegations in Paragraph 24.

25.     GALARDI admits that the size of the purported Class is unknown.  GALARDI denies the remaining allegations in Paragraph 25.

26.     GALARDI denies each and every allegation in Paragraph 26.

27.     GALARADI denies knowledge or information sufficient to form a belief as to whether Plaintiff's claims are typical of the claims of other purported class members. GALARDI denies each and every other allegation in Paragraph 27.

28.     GALARDI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 28.

29.     GALARDI denies each and every allegation in Paragraph 29.

30.     GALARDI denies each and every allegation in Paragraph 30.

## FIRST CAUSE OF ACTION

31.    GALARDI repeats its responses to Paragraphs 1 through 30 as though fully set forth here in full.

32.    GALARDI admits the allegations in Paragraph 32.

33.    GALARDI denies that paragraph 33 contains an accurate and complete statement of what is prohibited by the ICFA, and therefore GALARDI denies the allegations contained in Paragraph 33.

34.    GALARDI denies each and every allegation in Paragraph 34.

35.    GALARDI admits that the hot dogs in its all-beef chili hot dogs are all beef, and that it has represented them as such.  GALARDI denies that such hot dogs contain pork.

36.    GALARDI denies that the hot dogs in its all-beef chili hot dogs contain pork, and therefore GALARDI denies each and every allegation in Paragraph 36.

37.    GALARDI denies each and every allegation in Paragraph 37.

38.    GALARDI denies each and every allegation in Paragraph 38.

39.    Paragraph 39 contains argument, not factual allegations, and as such, no response is required.

40.    GALARDI denies each and every allegation in Paragraph 40.

41.    GALARDI admits that Plaintiff purports to seek the enumerated relief. GALARDI denies each and every remaining allegation in Paragraph 41.

## SECOND CAUSE OF ACTION

42.    GALARDI repeats its responses to paragraphs 1 through 41 as though set forth here in full.

43.    GALARDI denies each and every allegation in Paragraph 43.

5

44.     GALARDI denies each and every allegation in Paragraph 44.

45.     GALARDI denies that it affirmed, promised or described the chili or every component of its all-beef chili hot dog (as opposed to the hot dog itself) as all beef.  GALARDI denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 45.

46.     GALARDI states that the law speaks for itself.  Furthermore, because of their vagueness, GALARDI lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46.

47.     GALARDI denies each and every allegation in Paragraph 47.

48.     GALARDI denies each and every allegation in Paragraph 48.

49.     GALARDI denies each and every allegation in Paragraph 49.

50.     GALARDI denies each and every allegation in Paragraph 50.

51.     GALARDI denies each and every allegation in Paragraph 51.

## THIRD CAUSE OF ACTION

52.     GALARDI repeats its responses to paragraphs 1 through 51 as though set forth here in full.

53.     GALARDI denies each and every allegation in Paragraph 53.

54.     GALARDI denies each and every allegation in Paragraph 54.

55.     GALARDI denies each and every allegation in Paragraph 55.

56.     GALARDI denies knowledge or information sufficient to form a belief as to what was material to Plaintiff or members of the purported Class, and therefore denies the allegations in Paragraph 56.

57.     GALARDI denies each and every allegation in Paragraph 57.

58.     GALARDI denies each and every allegation in Paragraph 58.

59.     GALARDI denies each and every allegation in Paragraph 59.

60.     GALARDI denies each and every allegation in Paragraph 60.

61.     GALARDI admits that Plaintiff purports to seek the relief enumerated in Paragraph 61.  GALARDI denies each and every remaining allegation in Paragraph 61.

## AFFIRMATIVE DEFENSES

62.     GALARDI sets forth below its affirmative defenses.  By setting forth these affirmative defenses, GALARDI does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or should be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

63.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Standing)

64.     The Plaintiff and/or others claimed to be members of the putative class lack standing to assert their claims and/or to seek some or all of the requested relief.

## THIRD AFFIRMATIVE DEFENSE

(No Injury in Fact/Damages)

65.     The Plaintiff and/or others claimed to be members of the putative class have sustained no injury in fact or damages.

## FOURTH AFFIRMATIVE DEFENSE

### (No Causation)

66.     The Plaintiff and/or others claimed to be members of the putative class have sustained no injury in fact or damages as a result of GALARDI's conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

67.     To the extent the Complaint seeks equitable relief, Plaintiff and/or others claimed to be members of the putative class are not entitled to such relief because there is an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

### (No Right to Injunctive Relief)

68.     To the extent the Complaint seeks injunctive relief, Plaintiff is not entitled to such relief because the hardship that would be imposed on GALARDI by any such relief would be greatly disproportionate to any hardship that Plaintiff and/or members of the putative class would suffer in its absence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

69.     The claims in the Complaint are barred, in whole or in part, because Plaintiff and/or members of the putative class have failed to mitigate their damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Uncertain/Unmanageable Damages)

70.     To the extent that the Complaint seeks monetary relief, such relief is too speculative and/or remote and/or impossible to prove or allocate.

## NINTH AFFIRMATIVE DEFENSE

(No Right to Punitive or Exemplary Damages)

71.     To the extent the Complaint seeks punitive or exemplary damages, any award of punitive or exemplary damages would violate the due process and/or equal protection clauses of the Illinois and/or United States constitutions.

## TENTH AFFIRMATIVE DEFENSE

(No Oppression, Fraud or Malice)

72.     To the extent the Complaint seeks punitive or exemplary damages, any such claim or request is barred, in whole or in part, because Plaintiff has failed to allege and/or has no facts to prove the requisite oppression, malice and/or conscious disregard of rights required for an award of punitive or exemplary damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Laches)

73.     The claims in the Complaint are barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

(Waiver)

74.     The claims in the Complaint are barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

75.     The claims in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

76.     The claims of putative class members and/or Plaintiff are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

77.     The claims in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Equity)

78.     The claims in the Complaint are barred, in whole or in part, by principles of equity.  Any recovery herein by the Plaintiff and/or members of the purported class would be inequitable and would constitute unjust enrichment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(First Amendment)

79.     The claims in the Complaint are barred, in whole or in part, by the First Amendment of the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Justification)

80.     The claims in the Complaint are barred, in whole or in part, because GALARDI's conduct was at all times justified.

## NINETEENTH AFFIRMATIVE DEFENSE

(Good Faith)

81.     The claims in the Complaint are barred, in whole or in part, because GALARDI's conduct was at all times in good faith.

## TWENTIETH AFFIRMATIVE DEFENSE

(Lack of Intent)

82.     The claims in the Complaint based on alleged willful misrepresentations are barred because the representations and actions alleged were not intended to mislead or deceive consumers.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Puffing)

83.     The claims in the Complaint are barred, in whole or in part, because the allegedly deceptive statements were such that no reasonable person could have reasonably relied upon or misunderstood GALARDI's statements as claims of fact.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Lack of Reliance)

84.     The claims in the Complaint are barred, in whole or in part, because of the lack of reliance by consumers on the alleged misrepresentations by GALARDI identified in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Materiality)

85.     The claims in the Complaint based on alleged misrepresentations are barred because the representations alleged by Plaintiff were not material in that, in light of information

commonly known to consumers, they were not likely to affect their purchasing decisions. GALARDI's representations and actions alleged in the Complaint were not likely to mislead consumers acting reasonably under the circumstances.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

86.     Plaintiff's request for attorneys' fees in this matter is barred, in whole or in part, as lacking sufficient basis in law or contract.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Setoff)

87.     Defendants are entitled to setoffs of the value of goods and services provided.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Reasonable Business Justification)

88.     Any alleged acts or omissions by GALARDI concerning the advertising and/or sale of the products identified in the Complaint had reasonable business justifications.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Due Process)

89.     To the extent Plaintiff fails to demonstrate that every putative class member was damaged in violation of the law, any finding of liability on a class-wide basis would violate GALARDI's due process rights.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Reservation)

90.     GALARDI currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

GALARDI reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, GALARDI prays for a judgment in its favor as follows:

1.      That the Complaint be dismissed on the merits;

2.      That Plaintiff takes nothing by the Complaint;

3.      That this suit cannot be maintained as a class action;

4.      That GALARDI be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

5.      That GALARDI be awarded such other and further relief as the Court may deem proper.

Dated:  December 15, 2015

By: /s/ William P. Cole
Mark L. Eisenhut (lead counsel)*
meisenhut@calljensen.com
William P. Cole*
wcole@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: 949.717.3000
Fax: 949.717.3100

By: /s/ Ryan M. Kaiser
Ryan M. Kaiser
AMIN TALATI & UPADHYE, LLC
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
T: (312) 327-3328
F: (312) 884-7352
ryan@amintalati.com

**Attorneys for GALARDI GROUP, INC.**

*Applications for admission pending

13

## DEMAND FOR JURY

Defendant GALARDI GROUP, INC. hereby demands a jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable raised in the Complaint of Plaintiff Maher Abdeljawad.

Dated:  December 15, 2015

By: */s/ William P. Cole*
Mark L. Eisenhut (lead counsel)*
meisenhut@calljensen.com
William P. Cole*
wcole@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: 949.717.3000
Fax: 949.717.3100

By: */s/ Ryan M. Kaiser*
Ryan M. Kaiser
AMIN TALATI & UPADHYE, LLC
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
T: (312) 327-3328
F: (312) 884-7352
ryan@amintalati.com

**Attorneys for GALARDI GROUP, INC.**

*Applications for admission pending

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2015, I caused a true and correct copy

of the foregoing document to be served on the following parties via the Court's ECF system:

Benjamin H. Richman
brichman@edelson.com

James Dominick Larry
nlarry@edelson.com

EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

By: */s/ Ryan M. Kaiser*
ryan@amintalati.com