IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MAHER ABDELJAWAD, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GALARDI GROUP, INC., a California corporation,<br><br>　　　　　Defendant. | Case No.　　2:15-cv-02265-HAB<br><br>**DEFENDANT GALARDI GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

**I.　　INTRODUCTION**

Plaintiff Maher Abdeljawad moves for certification of a nationwide class, and Illinois sub-class, to pursue the specious theory that when Wienerschnitzel sells all-beef hot dogs, it misleads consumers into believing that a *condiment* (the chili) is also all beef.

Wienerschnitzel sells many versions of its all-beef hot dogs: Chili Dogs; Chicago Dogs; Bacon Strip Street Dogs; Kraut Dogs; and Mustards Dogs, to name a few. While the hot dog is all beef, all of the various condiments obviously are not. Nor would any reasonable consumer expect otherwise.

Setting aside the merits, however, Plaintiff fails to carry his burden of demonstrating that class certification is appropriate. His perfunctory motion is pro forma and deficient. He fails to establish commonality, typicality or adequacy of representation. He does not establish that defendant Galardi Group, Inc. ("Galardi") acted on grounds generally applicable to the class, and, in any event, he lacks standing to pursue injunctive relief. He also does not establish that

1

common questions of law or fact predominate, much less that a class action is the superior method of adjudication in this case. Accordingly, the Court should deny the motion to certify the class.[1]

## II. PLAINTIFF FAILS TO MEET HIS BURDEN FOR CLASS CERTIFICATION

### A. Legal Standards

Plaintiff bears the burden of establishing the requirements for class certification. *Comcast Corp. v. Behrend,* 133 S.Ct. 1426, 1432 (2013). First, the class must be clearly defined, so that the class is identifiable. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006)(class definition must be definite enough that the class can be ascertained). Thus, "class definitions generally need to identify a particular group, harmed in a particular time frame, in a particular location, in a particular way." *Mullins*, 795 F.3d at 660.

Second, Plaintiff must satisfy the requirements of Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Third, Plaintiff must establish at least one requirement of Rule 23(b). If proceeding under Rule 23(b)(3), Plaintiff must establish that "the questions of law or fact common to class members *predominate* over any questions affecting only individual members, and that a class

---

[1] Plaintiff filed its motion for class certification before it even served Galardi with the Complaint. Accordingly, Galardi prepares this Opposition without the benefit of any discovery. Without waiving any objection to Plaintiff filing another motion to certify, Galardi reserves the right to amend its Opposition following discovery concerning class issues.

action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3)(emphasis added).

As explained hereafter, Plaintiff's motion fails to meet these standards.

### B. The Proposed Class is not Clearly Defined

Plaintiff purports to certify a nationwide class consisting of "[a]ll persons who have purchased 'all-beef' chili hot dogs or 'all-beef' chili cheese hot dogs from Wienerschnitzel." Compl. ¶ 24. He also seeks to certify a sub-class of "[a]ll members of the Class who reside in the State of Illinois." These definitions are neither clear nor adequate. They do not identify a particular group, "harmed during a *particular time frame*, in a *particular location*, in a *particular way*." *Mullins*, 795 F.3d at 660 (emphasis added); *see also Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575, 580 (N.D. Ill. 2005)(finding a proposed class definition was facially defective where membership required nothing but the purchase of a fountain Diet Coke in Illinois). In fact, the proposed nationwide class includes no time frame at all. And the proposed sub-class includes neither a time frame nor a particular location in which sub-class members were allegedly harmed. The fact that someone may presently "reside" in Illinois says nothing about when, where, or what class-defining event occurred, much less what state's laws would apply. *See Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 188 (2005)(the ICFA does not have extraterritorial effect, and thus a plaintiff may pursue an ICFA private cause of action only if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois").

Thus, Plaintiff fails to meet his burden to clearly define the class.

### C.     **Plaintiff Fails to Establish Rule 23(a)'s Prerequisites**

Beyond failing to clearly define the proposed class, Plaintiff's pro forma motion fails to establish any of Rule 23(a)'s prerequisites.

First, while numerosity is Rule 23(a)'s least challenging requirement, the proposed class is so vaguely and inadequately defined, numerosity cannot even be adequately considered. Stated differently, Plaintiff has to propose a clearly defined class before even addressing Rule 23(a)'s requirements, including numerosity.

Second, Plaintiff fails to carry his burden as to commonality. Rule 23(a)(2) requires the existence of questions of law or fact common to the class. This requirement is satisfied when a common nucleus of operative facts exists. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). While even a single question of law or fact common to all class members can satisfy Rule 23(a)(2), Plaintiff has not met this burden. For example, the failure to allege *any* time frame prevents any of Plaintiff's allegedly common questions from actually being common to the entire class. And because Plaintiff does not allege any particular time frame or particular location – much less establish that a specific advertisement was used in that particular location during the particular time frame – he fails to establish any common nucleus of operative facts.

Third, Plaintiff fails to establish typicality. Typicality is closely related to commonality and requires that the class representative's claim arise "from the same event or practice or course of conduct that gives rise to the claims of other class members" and be based "on the same legal theory." *Rosario*, 963 F.2d at 1018. Because Plaintiff's class is so inadequately defined, and because he has not even met the commonality requirement, it follows *a fortiori* that it does not meet the typicality requirement. Plaintiff fails to demonstrate how the claims of all putative members of a nationwide class – unbounded by time or location – arise from the *same* event,

practice or course of conduct. Plaintiff does not even allege, for example, that Galardi's advertisements or representations have remained uniform since Galardi's inception to the present. Instead, Plaintiff merely offers the boilerplate and unsupported *conclusions* that all of the class members were "each induced into purchasing hot dogs that Defendant misrepresented as being all beef," that Plaintiff and other members of the class suffered "the same injuries," and (remarkably) that all class members are entitled "to an identical calculation of damages." Pl.'s Mot. at p. 7. These conclusory assertions are not only unsupported, but unbelievable. Inducement, proximate causation, and damages will undoubtedly vary across class members. Plaintiff's pro forma motion makes no effort to address these important issues.

Nor does Plaintiff demonstrate how his and the class's claims arise from the same *legal* theories, where the elements, damages and defenses applicable to common-law claims like breach of express warranty and fraudulent inducement will vary across the states. In fact, far from explaining how the Court might handle the application of 50 states' common law standards, Plaintiff's motion makes no mention of this issue at all.

Fourth, Plaintiff fails to meet his burden of establishing that he can fairly and adequately represent the class. Again, he merely offers the boilerplate conclusion that he "suffered the same injury" and "has no interests antagonistic" to the class. Pl.'s Mot. at p.7. But because he has failed to clearly define the class, and has failed to provide any specific evidence concerning Galardi's advertising, conduct or intent, the Court cannot even assess – let alone determine – whether any of Plaintiff's interests are antagonistic to the class.

### D. Plaintiff Fails to Meet any Prerequisite of Rule 23(b)

Apart from Rule 23(a), Plaintiff also fails to meet his burden of proving that his proposed class satisfies Rule 23(b)'s additional requirements.

### 1. Plaintiff Fails to Meet Rule 23(b)(2)'s Requirements

Plaintiff seeks certification under Rule 23(b)(2), which requires that a defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). But for the same reasons (described above) that Plaintiff does not establish commonality or typicality, he fails to establish Galardi acted on grounds that apply generally to the class. For example, because the proposed class includes no time frame at all, and because Plaintiff does not allege or establish that Galardi's advertisement or description of its chili dog is the same today as it was during any particular class period, his motion fails to identify any action by Galardi generally applicable to the class that could still even be addressed by equitable relief.

Furthermore, Plaintiff lacks standing to pursue any equitable relief. To pursue equitable relief, a plaintiff must establish that he or she likely would be damaged in the future. *See, e.g., Smith v. Prime Cable of Chicago*, 276 Ill. App. 3d 843, 859 (1995)(holding the plaintiff could not pursue injunctive relief under the Illinois Consumer Fraud and Deceptive Practices Act where it was unlikely the plaintiff would be damaged the same way in the future); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 716 (1981)(where plaintiff could not credibly contend that she would be again misled by the restaurant's advertising, she could not seek injunctive relief on behalf of the class); *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044-45 (9th Cir. 1999)(in a class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief" and failure to establish a likelihood of future injury similarly prevents the pursuit of declaratory relief). Plaintiff does not – and cannot – credibly contend that he will again be allegedly deceived by Galardi's advertising concerning the chili.

## 2. Plaintiff Fails to Meet Rule 23(b)(3)'s Requirements

Plaintiff also fails to establish adequate grounds for certification under Rule 23(b)(3). In considering Rule 23(b)(3)'s requirements, the Court must review the substantive elements of Plaintiff's causes of action, the proof necessary for the various elements, and the manageability of the trial on these issues. *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981). Where liability determinations are both individual and fact-intensive, class certification under Rule 23(b)(3) is improper. *Oshana*, 225 F.R.D. at 584.

Here, Plaintiff's motion does not even bother identifying the elements of his causes of action, much less explain how those elements – and the proof necessary to meet them – will not require a host of individualized and unmanageable issues. In fact, common issues do *not* predominate over individual issues, and the proposed class action will be unmanageable. For example, under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (the basis of Plaintiff's first claim), a plaintiff "must demonstrate that the defendant's conduct is the *proximate cause* of the injury." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010)(emphasis added); *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 200 (2005)("Proximate causation is an element of all private causes of action under the Act."). Proximate causation cannot be proven – or presumed – on a class-wide basis. *See, e.g., Avery*, 216 Ill. 2d at 199 (reversing judgment in favor of the class on an ICFA claim; observing that "a plaintiff must prove that he or she was actually deceived by the misrepresentation in order to establish the element of proximate causation"); *Siegel,* 612 F.3d at 935 (affirming denial of class certification in ICFA case, holding that "absent proof as to why a particular plaintiff purchased a particular brand of gasoline, [the named plaintiff] could not establish that the defendants' conduct caused him or her to make that purchase); *Oshana*, 225 F.R.D. at 586 (denying class certification in ICFA case, finding that

because of the ICFA's proximate causation requirement, "[i]dentification of the individuals properly included in the class would constitute a massive fact-specific inquiry virtually involving millions of putative class members" and the "highly individualized nature of the inquiries predominates over issues common to the class"); *but see Rikos v. Proctor & Gamble Co.*, 799 F.3d 497, 514-15 (7th Cir. 2015)(ICFA claims do not necessarily require individualized proof of causation such that class certification is never proper).

A similar problem bedevils Plaintiff's fraudulent inducement claim, which requires individualized proof of reliance, and of damages resulting from that reliance. *Hoseman v. Weinschneider*, 322 F.3d 468, 476 (7th Cir. 2003)(elements of fraudulent inducement under Illinois law). Individualized issues will include, but not be limited to: What advertisement or representation did each class member receive or view? When and where did each class member receive or view the advertisement? When and where did each class member purchase all-beef chili dogs or chili-cheese dogs? Why did each class member make the purchase? Can each class member establish actual reliance? Can each class member establish damages resulting from that reliance, and, if so, how much? Plaintiff's pro forma motion ignores these issues altogether.

Similarly, with respect to the proposed nationwide class, Plaintiff fails to establish that the law governing the common law claims of breach of express warranty and fraudulent inducement (Plaintiff's second and third causes of action) is uniform across the 50 states. Again, the burden of demonstrating manageability is on Plaintiff, a burden he has not even attempted to meet. *See, e.g., In Re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995)(denying certification of a nationwide class involving negligence claims, expressing concerns about managing the nuances of 50 separate negligence laws); *Tylka v. Gerber Products Co.*, 178 F.R.D. 493, 498 (N.D. Ill. 1998)(denying certification of nationwide class, noting, among other things,

that legal "nuances" matter and that individualized issues of law would predominate if the class sought redress under the various states' common law fraud causes of action).

Accordingly, Plaintiff fails to establish that common questions predominate, or that a class action is superior, let alone manageable, in these circumstances.

### III. CONCLUSION

Because Plaintiff does not, and cannot, meet his burden of establishing that class action certification is appropriate, the Court should deny his motion for class certification.

Dated: December 31, 2015

By: */s/ William P. Cole*
Mark L. Eisenhut (lead counsel)
meisenhut@calljensen.com
William P. Cole
wcole@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: 949-717-3000
Fax: 949-717-3100

By: */s/ Ryan M. Kaiser*
Ryan M. Kaiser
ryan@amintalati.com
AMIN TALATI & UPADHYE, LLC
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
Tel: 312-327-3328
Fax: 312-884-7352

Attorneys for GALARDI GROUP, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December, 2015, I caused a true and correct copy of the foregoing document to be served on the following parties via the Court's ECF system:

Benjamin H. Richman
brichman@edelson.com
James Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

By: */s/ William P. Cole*
wcole@calljensen.com